# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SENZAR HEALTHCARE MASTER FUND, LP and BLUE ROCK LIQUID ALPHA FUND, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Civil Action No. 2:18-cv-2286 (MAS) (LHG) <br><br> (ORAL ARGUMENT REQUESTED) <br><br> Motion Day: July 2, 2018 |

## MEMORANDUM OF LAW IN SUPPORT OF
## VALEANT, ROBERT L. ROSIELLO, AND ARI S. KELLEN'S PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Richard Hernandez
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 848-8615
Facsimile: (973) 297-6615

Paul C. Curnin (*pro hac vice*)
Craig S. Waldman (*pro hac vice*)
Daniel J. Stujenske (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, and Ari S. Kellen*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1
BACKGROUND ........................................................................................................................ 2
ARGUMENT .............................................................................................................................. 3
I. PLAINTIFFS' SECTION 18 CLAIMS FAIL ................................................................. 3
 A. Plaintiffs' Section 18 Claims Are Barred By The Applicable Statute Of Limitations ............................................................................................................3
 B. There Is No Basis To Extend Or Toll Section 18's Clear Statute Of Limitations ............................................................................................................4
 C. Plaintiffs Assert Claims Barred By Section 18's Statute Of Repose .....................6
 D. Plaintiffs Do Not Allege Actual Reliance On Statements In Documents Filed With The SEC ..............................................................................................7
II. CLAIMS BASED ON TRANSACTIONS AFTER AUGUST 10, 2016 FAIL ............... 10
CONCLUSION ........................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Basic v. Levinson*,
  485 U.S. 224 (1988) ............................................................................................. 11

*CalPERS v. ANZ Sec.*,
  137 S.Ct. 2042 (2017) ........................................................................................... 7

*Children's Hosp. & Med. Ctr. Found. of Omaha v. Countrywide Fin. Corp.*,
  2011 WL 13220509 (C.D. Cal. Aug. 22, 2011) ................................................... 5

*Cramer v. General Tel. & Electronics Corp.*,
  582 F.2d 259 (3d Cir. 1978) ............................................................................... 10

*Decker v. Massey-Ferguson, Ltd.*,
  534 F. Supp. 873 (S.D.N.Y. 1981) ....................................................................... 6

*Discovery Global Citizens Master Fund, Ltd. v. Valeant Pharms. Int'l, Inc.*,
  2018 WL 406046 (D.N.J. Jan. 12, 2018) ..................................................... passim

*Hubbard v. Corr. Med. Servs.*,
  2008 WL 2945988 (D.N.J. July 30, 2008) ........................................................... 6

*In re Able Labs. Sec. Litig.*,
  2008 WL 1967509 (D.N.J. Mar. 24, 2008) .......................................................... 4

*In re Adelphia Commc'ns Corp. Sec. & Deriv. Litig.*,
  2005 WL 1679540 (S.D.N.Y. July 18, 2005) ...................................................... 7

*In re Alstom SA Sec. Litig.*,
  406 F. Supp. 2d 433 (S.D.N.Y. 2005) .................................................................. 8

*In re Bear Stearns Cos., Inc. Sec., Deriv., and ERISA Litig.*,
  995 F. Supp. 2d 291 (S.D.N.Y. 2014) ............................................................. 5, 7

*In re Exxon Mobil Corp. Sec. Litig.*,
  500 F.3d 189 (3d Cir. 2007) ................................................................................. 7

*In re Merrill Lynch Auction Rate Sec. Litig.*,
  704 F. Supp. 2d 378 (S.D.N.Y. 2010) ................................................................ 11

*In re NAHC, Inc. Sec. Litig.*,
  306 F.3d 1314 (3d Cir. 2002) ............................................................................... 2

*In re Processed Egg Prods. Antitrust Litig.*,
  2012 WL 6645533 (E.D. Pa. Dec. 20, 2012) ....................................................... 6

*In re Suprema Specialties, Inc. Sec. Litig.*,
   438 F.3d 256 (3d Cir. 2006) .................................................................................. 3, 7, 9, 10

*In re Valeant Pharms. Int'l, Inc. Sec. Litig.*,
   2017 WL 1658822 (D.N.J. Apr. 28, 2017) ............................................................................ 1

*Johnson v. Ry. Exp. Agency, Inc.*,
   421 U.S. 454 (1975) ............................................................................................................. 5

*Kelley v. Rambus, Inc.*,
   2008 WL 1766942 (N.D. Cal. April 17, 2008) .................................................................... 7

*Klawonn v. YA Glob. Invs., L.P.*,
   2016 WL 5923435 (D.N.J. May 6, 2016) ........................................................................ 4, 7

*Lampf, Pleva, Lipkind Prupis & Petigrow v. Gilbertson*,
   501 U.S. 350 (1991) ............................................................................................................. 7

*Lindner Dividend Fund, Inc. v. Ernst & Young*,
   880 F. Supp. 49 (D. Mass. 1995) ......................................................................................... 5

*LLDVF, L.P. v. DiNicola*,
   2010 WL 3210613 (D.N.J. Aug. 12, 2010) ....................................................................... 10

*McDavitt v. Powell*,
   2012 WL 959376 (M.D. Pa. Mar. 21, 2012) ........................................................................ 6

*Merck & Co., Inc. v. Reynolds*,
   559 U.S. 633 (2010) ............................................................................................................. 4

*Semerenko v. Cendant Corp.*,
   223 F.3d 165 (3d Cir. 2000) ............................................................................................... 11

*Smart-El v. Correctional Med. Servs., Inc.*,
   2008 U.S. Dist. LEXIS 44376 (D.N.J. June 5, 2008) .......................................................... 6

*Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*,
   33 F. Supp. 3d 401 (S.D.N.Y. 2014) .................................................................................... 9

*Special Situations Fund III, L.P. v. Am. Dental Partners, Inc.*,
   775 F. Supp. 2d 227 (D. Mass. 2011) .................................................................................. 5

*T. Rowe Price Growth Stock Fund, Inc. v. Valeant Pharms. Int'l, Inc.*,
   2018 WL 395730 (D.N.J. Jan. 12, 2018) .................................................................... *passim*

*Wallach v. Eaton Corp.*,
   837 F.3d 356 (3d Cir. 2016) ................................................................................................. 6

*Weston v. AmeriBank*,
   265 F.3d 366 (6th Cir. 2001) .................................................................................... 5

*Witriol v. Conexant Sys., Inc.*,
   2006 WL 3511155 (D.N.J. Dec. 4, 2006) ................................................................ 10

*WM High Yield Fund v. O'Hanlon*,
   2005 WL 6788446 (E.D. Pa. May 13, 2005) ............................................................ 4

*Wyser-Pratte Mgmt. Co. v. Telxon Corp.*,
   2003 WL 25861087 (N.D. Ohio June 4, 2003) ........................................................ 5

*Yang v. Odom*,
   392 F.3d 97 (3d Cir. 2004) ........................................................................................ 5

*Zarecor v. Morgan Keegan & Co., Inc.*,
   801 F.3d 882 (8th Cir. 2015) .................................................................................... 5

## Statutes

15 U.S.C. § 78r(c) ............................................................................................... 3, 7, 8

## Other Authorities

Additional Form 8-K Disclosure Requirements and Acceleration of Filing Date,
   69 Fed. Reg. 15,594 (Mar. 25, 2004) ........................................................................ 8

Harold S. Bloomenthal & Samuel Wolf, 1 Sec. Law Handbook § 12:83
   (April 2018 Update) .................................................................................................. 8

Valeant Pharmaceuticals International, Inc. ("Valeant"), Robert L. Rosiello, and Ari S. Kellen ("Defendants") submit this memorandum of law in support of their partial motion to dismiss Plaintiffs Senzar Healthcare Master Fund, LP and Blue Rock Liquid Alpha Fund, L.P.'s, ("Plaintiffs") Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

This Court's April 28, 2017 and January 12, 2018 Memorandum Opinions have already addressed several issues raised by Plaintiffs' claims.[1]  This partial motion to dismiss raises two discrete issues not addressed in those Opinions.

*First*, Plaintiffs' Section 18 claims are both untimely and insufficiently pled.  Section 18 contains an unambiguous one-year of statute of limitations.  Plaintiffs repeatedly allege that the "truth" regarding Valeant's business was "revealed" to the market no later than August 10, 2016; yet Plaintiffs waited until February 16, 2018 to file suit—over six months after the statute of limitations expired.  Plaintiffs' claims premised on alleged misstatements made before February 16, 2015 are also barred by Section 18's three-year statute of repose.

Even if Plaintiffs' Section 18 claims were timely, Plaintiffs are barred from bringing claims based on documents that were not filed with the SEC.  Plaintiffs also fail to adequately allege direct reliance on statements in SEC filings under the standard set forth by the Court in its January 12, 2018 Memorandum Opinions.

---

[1]  *See In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, 2017 WL 1658822 (D.N.J. Apr. 28, 2017); *T. Rowe Price Growth Stock Fund, Inc. v. Valeant Pharms. Int'l, Inc.*, 2018 WL 395730 (D.N.J. Jan. 12, 2018); *Discovery Global Citizens Master Fund, Ltd. v. Valeant Pharms. Int'l, Inc.*, 2018 WL 406046 (D.N.J. Jan. 12, 2018).

*Second*, each of Plaintiffs' claims (*i.e.*, Sections 10(b), 18, and 20(a)) fail to the extent they seek damages for transactions after August 10, 2016, when they allege the truth was fully revealed.

## BACKGROUND[2]

Plaintiffs are sophisticated investors who traded in options on Valeant stock, and purchased or acquired an undisclosed quantity of Valeant common stock and notes, between April 2014 and October 2016. Compl. at 1.[3] Plaintiffs are advised by Senzar Asset Management, LLC, a hedge fund with holdings of nearly $400 million. Ex. 1 (Senzar Asset Management, LLC Form 13F-HR, dated February 13, 2018) at 2.[4] Plaintiffs assert that Defendants misrepresented Valeant's accounting, relationship with Philidor, and the sustainability of Valeant's business model. *E.g.*, Compl. ¶¶ 3–10, 35, 108, 111, 127. Plaintiffs allege they relied on misrepresentations Valeant made concerning these topics in, *inter alia*, earnings press releases included as exhibits to Forms 8-K. *Id.* ¶ 283. Plaintiffs allege that these misrepresentations artificially inflated Valeant's stock price. *Id.* ¶ 10. Plaintiffs bring claims

---

[2] This background is drawn from the allegations in the Complaint, which are accepted as true for this motion only, and from other documents properly considered on a motion to dismiss. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1322–23 (3d Cir. 2002). Defendants will not repeat here the underlying factual allegations that were addressed by this Court in its April 28, 2017 Memorandum in the securities class action (the "Class Action"), *In re Valeant*, 2017 WL 1658822. Rather, Defendants note only those allegations pertinent to the distinct arguments they make in this motion.

[3] The allegations in the Complaint vary as to when Plaintiffs transacted in Valeant securities. In ¶¶ 18–19, the Complaint alleges that Plaintiffs purchased Valeant securities during the "Relevant Period," defined as January 4, 2013 through August 10, 2016. *Id.* at 1.

[4] Citations to "Ex.__" refer to the Declaration of Richard Hernandez in Support of Valeant, Robert L. Rosiello, and Ari S. Kellen's Partial Motion to Dismiss Plaintiffs' Complaint, dated May 4, 2018.

under Sections 10(b), 18(a), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5.  *Id.* ¶¶ 346–64.

The Complaint defines the "Relevant Period" as January 4, 2013 through August 10, 2016, *id.* at 1, and alleges that the "previously concealed facts were ***revealed through a series of partial disclosures beginning in September 2015 and ending in August 2016***," *id.* ¶ 10 (emphasis added).  Plaintiffs allege no disclosures after August 10, 2016.  *See id.* ¶ 273.  Plaintiffs filed their Complaint on February 16, 2018—more than 18 months later.  ECF No. 1.  Despite alleging that the "truth" was partially revealed starting in September 2015 and fully revealed by August 2016, "Plaintiffs seek to recover damages for losses they suffered on transactions in Valeant stock, notes, and options between April 2014 and ***October 2016***."  Compl. at 1 (emphasis added).

## ARGUMENT

### I. PLAINTIFFS' SECTION 18 CLAIMS FAIL

Count II of the Complaint asserts a claim under Section 18 of the Exchange Act.  Section 18 "creates a private remedy for damages resulting from the purchase or sale of a security in reliance upon a false or misleading statement contained in any document or report filed with the SEC pursuant to the Exchange Act."  *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 283 (3d Cir. 2006) (citing 15 U.S.C. § 78r(a)).

#### A. Plaintiffs' Section 18 Claims Are Barred By The Applicable Statute Of Limitations

Under Section 18, no action may be maintained "unless brought within one year after the discovery of the facts constituting the cause of action."  15 U.S.C. § 78r(c).  That one-year period "begins to run once the plaintiff did discover or a reasonably diligent plaintiff would have

3

discover[ed] the facts constituting the violation-whichever comes first." *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 653 (2010).

The Complaint alleges that the market and the public discovered the truth about Valeant more than a year before Plaintiffs filed suit. Compl. ¶ 10. As this Court knows, other Valeant investors filed suit months or even years before these plaintiffs allege the "truth" emerged. *See Potter v. Valeant Pharms. Int'l, Inc. et al.,* No. 15-cv-7658, Dkt. Nos. 1, 80 (October 22, 2015, June 24, 2016). Since Plaintiffs waited to sue until more than eighteen months after the date on which they concede the market learned of the "truth," these Section 18 claims are untimely.

**B.     There Is No Basis To Extend Or Toll Section 18's Clear Statute Of Limitations**

No toll or other extension of Section 18's one-year statute of limitations is available. Courts in the Third Circuit have unanimously refused to apply the longer statute of limitations included in the Sarbanes-Oxley Act ("SOX") to Section 18 claims. *See In re Able Labs. Sec. Litig.*, 2008 WL 1967509, at *23 (D.N.J. Mar. 24, 2008) ("This Court is persuaded by courts holding that the SOX statute of limitations is inapplicable to claims under § 18 of the Exchange Act."); *WM High Yield Fund v. O'Hanlon*, 2005 WL 6788446, at *12 (E.D. Pa. May 13, 2005) ("Because Section 18 does not require proof of fraud, [SOX] does not extend the statute of limitations and Plaintiffs' Section 18 claims . . . are barred."); *see also Klawonn v. YA Glob. Invs., L.P.*, 2016 WL 5923435, at *7 (D.N.J. May 6, 2016) ("Section 18 [claims] must be brought within one year after discovery of the facts underlying the violation, and in any event within three years after the violation.").

Nor did the filing of the Class Action toll the statute of limitations period. "[T]he tolling effect given to the timely prior filings in *American Pipe* . . . depended heavily on the fact that those filings involved exactly the same cause of action subsequently asserted." *Johnson v. Ry.*

4

*Exp. Agency, Inc.*, 421 U.S. 454, 467 (1975).  Thus, "*American Pipe* tolling should be limited to claims filed in a later action that are the same as those pleaded in the putative class action." *Zarecor v. Morgan Keegan & Co., Inc.*, 801 F.3d 882, 888 (8th Cir. 2015); *see also Weston v. AmeriBank*, 265 F.3d 366 (6th Cir. 2001) ("Under *American Pipe*, the statute of limitations for putative class members of the original class is tolled only for substantive claims that were raised, or could have been raised, in the initial complaint.").  Indeed, the Third Circuit has held that claims "inappropriate for class treatment" should not be tolled.  *Yang v. Odom*, 392 F.3d 97, 104, 111 (3d Cir. 2004) (observing that the purpose of *American Pipe* tolling is to encourage putative class members to rely on a class action to represent their interests).  Unlike Plaintiffs' Complaint, the Class Action complaint does not include Section 18 claims, and "the legal standards for proving Section 18 and Section 10(b) claims are sufficiently distinct that filing a class action claim alleging a violation of Section 10(b) does not toll the statute of limitations for a Section 18 claim."  *Special Situations Fund III, L.P. v. Am. Dental Partners, Inc.*, 775 F. Supp. 2d 227, 246 (D. Mass. 2011); *see also Children's Hosp. & Med. Ctr. Found. of Omaha v. Countrywide Fin. Corp.*, 2011 WL 13220509, at *4 (C.D. Cal. Aug. 22, 2011) ("Section 18's actual reliance requirement precludes class-action treatment.  Therefore, almost by definition, filing a § 10(b) class action does not put a defendant on notice that it will be called upon to defend a § 18 claim."); *In re Bear Stearns Cos., Inc. Sec., Deriv., and ERISA Litig.*, 995 F. Supp. 2d 291, 308 (S.D.N.Y. 2014) (dismissing Section 18 claims as untimely because "[o]nly the claims asserted in a class action are tolled"); *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 2003 WL 25861087, at *18–19 (N.D. Ohio June 4, 2003) ("Given the meaningful distinctions between the . . . § 10(b) claims and those asserted . . . under § 18, the Court finds that class tolling does not apply."); *Lindner Dividend Fund, Inc. v. Ernst & Young*, 880 F. Supp. 49, 54–55 (D. Mass. 1995) (Section

18 claims not tolled by class action); *Decker v. Massey-Ferguson, Ltd.*, 534 F. Supp. 873, 883 (S.D.N.Y. 1981), *rev'd in part on other grounds*, 681 F.2d 111 (2d Cir. 1982) ("The legal standards for bringing an action under [Section] 18 are significantly different from those for 10(b), and the original complaint cannot be regarded as having somehow put defendants on notice of a potential claim under [Section] 18.").

Moreover, Plaintiffs would have forfeited any *American Pipe* tolling by pursuing a separate action (or "opting out") before a decision on class certification has been rendered. *Smart-El v. Correctional Med. Servs., Inc.*, 2008 U.S. Dist. LEXIS 44376, at *6–12 (D.N.J. June 5, 2008) (finding *American Pipe* tolling inapplicable to individual action filed before class certification decision); *Hubbard v. Corr. Med. Servs.*, 2008 WL 2945988, at *7 (D.N.J. July 30, 2008) ("A plaintiff who files an independent lawsuit without waiting for a determination on class certification does not get the benefit of class action tolling.").[5]

### C.    Plaintiffs Assert Claims Barred By Section 18's Statute Of Repose

Even if Plaintiffs could avoid the one-year statute of limitations (they cannot), Plaintiffs' claims premised on alleged misstatements made before February 16, 2015 are independently untimely under Section 18's three-year statute of repose. That includes claims premised on alleged misstatements in Valeant's 2013 Form 10-K or Form 10-Qs for the first three quarters of

---

[5]    Other courts in a different district in this circuit have held that an opt-out plaintiff does not forfeit *American Pipe* tolling by filing before a class certification decision. *In re Processed Egg Prods. Antitrust Litig.*, 2012 WL 6645533, at *7–8 (E.D. Pa. Dec. 20, 2012) (applying *American Pipe* tolling); *McDavitt v. Powell*, 2012 WL 959376, at *2–3 (M.D. Pa. Mar. 21, 2012) (same). While the Third Circuit has held that intervenors in a class action may benefit from *American Pipe*, *Wallach v. Eaton Corp.*, 837 F.3d 356, 373–74 (3d Cir. 2016), it has never expanded *American Pipe* to individual actions filed before a decision on class certification has been rendered.

2014.[6] Section 18 contains a three-year statute of repose in addition to the one-year statute of limitations. *See Lampf, Pleva, Lipkind Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 360 & n.6 (1991); *In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 200 (3d Cir. 2007) (describing "the repose period[] associated with [Section 18]"); *Klawonn*, 2016 WL 5923435, at *7. As a statute of repose, "the *American Pipe* tolling rule . . . cannot extend the 3-year period." *CalPERS v. ANZ Sec.*, 137 S.Ct. 2042, 2055 (2017). The Supreme Court's decision in *CalPERS* clarified that statutes of repose run from "defendants' last culpable act." *Id.* at 2049. Accordingly, while case law on this issue was previously mixed, *CalPERS* clarifies that a Section 18 claim "accrues" when the relevant SEC filings were made. *See Kelley v. Rambus, Inc.*, 2008 WL 1766942, at *5 (N.D. Cal. April 17, 2008) (barring claims based on filings more than three years old); *see also In re Adelphia Commc'ns Corp. Sec. & Deriv. Litig.*, 2005 WL 1679540, at *1 & n.6 (S.D.N.Y. July 18, 2005) (claims "time-barred here whether they are accrued from the purchase date or the earlier date of the [SEC filing]"); *Bear Stearns*, 995 F. Supp. 2d at 307 (claims dismissed because they accrued at time of the SEC filing, more than three years before the complaint was filed).

### D. Plaintiffs Do Not Allege Actual Reliance On Statements In Documents Filed With The SEC

Plaintiffs' Section 18 claims also fail because they do not "plead actual reliance on a false or misleading statement . . . contained in any document or report filed with the SEC." *T. Rowe Price*, 2018 WL 395730, at *3 (citing 15 U.S.C. § 78r(a); *Suprema*, 438 F.3d at 283); *Discovery Global*, 2018 WL 406046, at *3 (same). This Court previously upheld Section 18 claims by

---

[6] The statute of repose also bars claims based on the forms 8-K listed in Compl. ¶¶283(a)–(c) which, as discussed *infra* in Section I.D, are not subject to Section 18 liability because they were not filed pursuant to the Exchange Act.

7

plaintiffs in related actions, finding that their allegations met Section 18's "heightened pleading requirements for reliance."  *T. Rowe Price*, 2018 WL 395730, at *3; *Discovery Global*, 2018 WL 406046, at *4 (same).  But the allegations of direct reliance offered by Plaintiffs here fail to meet the standard set out in those opinions and Third Circuit precedent.

As a threshold matter, Section 18 liability cannot attach to statements published by Valeant under SEC Form 8-K.  Section 18 liability is limited to reliance on statements in documents *filed with* the SEC pursuant to the Exchange Act.  15 U.S.C. § 78r(a); *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 433, 479 (S.D.N.Y. 2005).  SEC rules and regulations distinguish between information that is *filed with* the SEC (such as annual reports on Form 10-K), and information *furnished to* the SEC (including on Form 8-K).  *See Alstom*, 406 F. Supp. 2d at 479, 481 (collecting regulations and dismissing Section 18 claims alleging misstatements in forms "furnished" and not "filed").

Here, Plaintiffs' Section 18 claims rely heavily on alleged misstatements contained in exhibits to various Forms 8-K furnished by Valeant, *see* Compl. ¶ 354 (incorporating *id.* ¶¶ 282–83).  These allegations fail as a matter of law because such statements are not "filed" with the SEC.  The SEC has instructed that "information in a report furnished pursuant to Item 2.02 . . . shall not be deemed 'filed' for purposes of Section 18 of the Exchange Act or otherwise subject to the liabilities of that section, unless the registrant specifically states that the information is to be considered 'filed' . . . or incorporates it by reference into a filing under the Securities or Exchange Act."  Additional Form 8-K Disclosure Requirements and Acceleration of Filing Date, 69 Fed. Reg. 15,594, 15,619 (Mar. 25, 2004); *see also* Harold S. Bloomenthal & Samuel Wolf, 1 Sec. Law Handbook § 12:83 (April 2018 Update) ("Information reported in Form 8-K pursuant to Item 2.02 is 'furnished' rather than filed for purposes of Section 18," and accordingly is "not

subject to the civil liability provisions" of the law.) (citing SEC Form 8-K, General Instruction B.2). Courts have relied on such guidance to dismiss Section 18 claims. *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 442 & n.22 (S.D.N.Y. 2014) (citing instructions in SEC forms as guidance for determining Section 18 liability). Indeed, each 8-K at issue states that the information and exhibits provided under Item 2.02 were "furnished and shall not be deemed 'filed' for the purposes of Section 18" and that they "shall not be incorporated by reference into any registration statement or other document."[7] Plaintiffs' Section 18 claims arising from alleged misstatements contained in exhibits to Valeant's Forms 8-K therefore fail as a matter of law.

Plaintiffs' remaining Section 18 claims rest entirely on the solitary conclusory allegation that "Senzar investment personnel read and relied on . . .Valeant's 2013 10-K, 1Q14 10-Q, 2Q14 10-Q, 3Q14 10-Q, 2014 10-K, 1Q15 10-Q, 2Q15 10-Q, and 3Q15 10-Q. . . ." Compl. ¶ 282. This allegation falls far short of Section 18's heightened "eyeball" reliance requirements set out by this Court. *See T. Rowe Price*, 2018 WL 395730, at *3 (finding allegations adequate to state a claim where "Plaintiffs have identified the statements on which they relied, in specific documents filed with the SEC, and pled actual 'eyeball' reliance on these documents and statements in purchasing the securities at issue."); *Discovery Global*, 2018 WL 406046, at *4 (same). Plaintiffs do not allege that they "relied" on any specific, identified misstatement. Compl. ¶ 282.[8] This is insufficient to state a claim. *Suprema*, 438 F.3d at 283–84 (requiring

---

[7] *See* Ex. 2 (VRX Feb. 27, 2014 8-K) at 2; Ex. 3 (VRX July 31, 2014 8-K) at 2; Ex. 4 (VRX Oct. 20, 2014 8-K) at 2; Ex. 5 (VRX Feb. 23, 2015 8-K) at 2; Ex. 6 (VRX April 29, 2015 8-K) at 2; Ex. 7 (VRX July 23, 2015 8-K) at 2; Ex. 8 (VRX Oct. 19, 2015 8-K) at 2.

[8] Plaintiffs' allegations of reliance on the Forms 10-K and 10-Q are particularly deficient when compared to their reliance allegations concerning specific statements contained in the Forms 8-K. *Compare* Compl. ¶ 282 (alleging that investment personnel "read and relied on" 10-

9

allegations of "actual reliance on *specific statements* in the SEC filings at issue") (emphasis added). In *Suprema*, the Third Circuit affirmed dismissal of Section 18 claims where plaintiffs alleged that they "received, reviewed, actually read, and relied upon" various Forms 10-K and 10-Q, holding that plaintiffs failed to "allege a causal nexus between the sale of a security and 'reliance upon a false *statement*' in a report filed with the SEC." *Id.* at 284 (quoting *Cramer v. General Tel. & Electronics Corp.*, 582 F.2d 259 (3d Cir. 1978)); s*ee also LLDVF, L.P. v. DiNicola*, 2010 WL 3210613, at *11 (D.N.J. Aug. 12, 2010) (finding allegations that plaintiff "read and relied upon the Company's Form 10-K and the financial statements contained therein" insufficient because plaintiff did not "identify which statements form the basis for each claim" and did not "state that it actually relied on those specific statements"); *Witriol v. Conexant Sys., Inc.*, 2006 WL 3511155, at *7 (D.N.J. Dec. 4, 2006) (dismissing Section 18 claims for failure to plead "actual reliance on specific false statements contained in the filings"). The Court should similarly find that mere allegations that Plaintiffs "read and relied on" various Forms 10-K and 10-Q are inadequate to plead reliance for Section 18 purposes.

## II.     CLAIMS BASED ON TRANSACTIONS AFTER AUGUST 10, 2016 FAIL

Plaintiffs offer inconsistent allegations about the set of transactions over which they assert claims and for which they are seeking damages. At various points, the Complaint seeks damages for transactions "between April 2014 and October 2016," but at other times it seeks damages for transactions during a "Relevant Period" defined as January 4, 2013 to August 10, 2016. *Compare* Compl. at 1 *with id.* ¶¶ 13, 18–19, 350. As discussed in Section I, *supra*, the Complaint expressly concedes that all alleged "concealed facts" had been disclosed by August

---

K and 10-Q forms generally) *with id.* ¶ 283 (detailing specific statements in Forms 8-K on which Plaintiffs "directly relied").

10

10, 2016. *Id.* ¶ 10. As such, Plaintiffs cannot assert claims premised on transactions made after that date, namely those transactions that took place between August 10, 2016 and October 2016. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 181 (3d Cir. 2000) (holding that plaintiffs could not have reasonably relied upon prior misstatements after disclosures rendered those statements immaterial); *In re Merrill Lynch Auction Rate Sec. Litig.*, 704 F. Supp. 2d 378, 394 (S.D.N.Y. 2010) ("The presumption of reliance created by the fraud on the market theory can be rebutted . . . [w]hen information 'credibly enters the market and dissipates the effects of the misstatements[.]'") (quoting *Basic v. Levinson*, 485 U.S. 224, 248–49 (1988)).[9]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Count II of the Complaint be dismissed with prejudice and that Counts I and III be limited to exclude claims arising from transactions that occurred after August 10, 2016.[10]

---

[9] This Court previously addressed arguments that plaintiffs in related actions failed to adequately allege reliance as to purchases made after October 2015 given the disclosures made through that time. *T. Rowe Price*, 2018 WL 395730, at *4 (declining to limit claims to purchases of Valeant securities made before October 30, 2015 because "[t]he Complaints . . . do not conclusively establish that the full 'truth was revealed' to the market by October 30, 2015); *Discovery Global*, 2018 WL 406046, at *7 (same). By contrast, the Complaint here defines the date when the full truth was revealed as no later than August 10, 2016, yet seeks recovery for transactions in Valeant securities through October 2016. *Compare* Compl. at 1 *with id.* ¶ 10.

[10] Each count of the Complaint is subject to dismissal as to Defendants for all of the reasons asserted in the Class Action and opt-out actions pending in this District listed in footnote 1. Defendants do not reargue those same arguments here in this proceeding in light of the Memorandum Opinions cited in footnote 1, and reserve all appellate rights with respect to those arguments.

s/ *Richard Hernandez*
Richard Hernandez
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone:  (973) 848-8615
Facsimile:  (973) 297-6615

Paul C. Curnin (*pro hac vice*)
Craig S. Waldman (*pro hac vice*)
Daniel J. Stujenske (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, and Ari S. Kellen*

Dated:  May 4, 2018