NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SENZAR HEALTHCARE MASTER FUND, LP and BLUE ROCK LIQUID ALPHA FUND, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Civil Action No. 18-2286 (MAS) (LHG) <br><br> MEMORANDUM OPINION |

**SHIPP, District Judge**

This matter comes before the Court on five partial motions to dismiss filed in the above matter.[1] Plaintiffs Senzar Healthcare Master Fund, LP and Blue Rock Liquid Alpha Fund L.P. ("Plaintiffs") opposed (ECF No. 34), and Defendants Valeant Pharmaceuticals International, Inc. ("Valeant"), Robert Rosiello ("Rosiello"), and Ari Kellen ("Kellen") (collectively, "Valeant Defendants") and Howard Schiller ("Schiller") replied (ECF Nos. 39, 40).[2] The Court has

---

[1] The motions currently pending before the Court are:
  1. Partial Motion to Dismiss by Valeant Pharmaceuticals International, Inc., Robert Rosiello, and Ari S. Kellen (ECF No. 21).
  2. Partial Motion to Dismiss by Howard B. Schiller (ECF No. 22).
  3. Partial Motion to Dismiss by J. Michael Pearson (ECF No. 23).
  4. Partial Motion to Dismiss by Tanya Carro (ECF No. 24).
  5. Partial Motion to Dismiss by Deborah Jorn (ECF No. 25).

[2] Defendants Michael Pearson ("Pearson"), Tanya Carro ("Carro"), and Deborah Jorn ("Jorn") did not submit their own briefing and instead rely on the Valeant Defendants' Memorandum of Law. (*See* ECF Nos. 23-25.) Neither Pearson nor Jorn submitted a reply. Carro filed correspondence further relying on Valeant's reply brief. (ECF No. 41.)

carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' partial motions to dismiss the Section 18 claims are DENIED.

I. **Background**

These are direct actions arising out of the same facts and circumstances as the class action currently pending before the Court under docket number 15-7658 ("Class Action"). The Court assumes the parties' familiarity with the underlying facts and recites the facts only to the extent necessary to decide the five instant motions.

Plaintiffs allege that Valeant and certain executives, namely, Pearson,[3] Schiller,[4] Rosiello,[5] Jorn,[6] Kellen,[7] and Carro[8] engaged in a "scheme to generate revenues through massive price increases for Valeant-branded drugs while concealing from investors the truth regarding the Company's business operations, financial results, and other material facts." (Compl. ¶ 1, ECF No. 1.) Specifically, Plaintiffs allege that Valeant used "a series of deceptive practices, which drove

---

[3] Pearson served as Valeant's CEO and a director of the company from 2008 through May 3, 2016, and Chairman of the Board of Directors from March 2011 to January 2016. (Compl. ¶ 22, ECF No. 1.)

[4] Schiller served as Valeant's CFO and as an Executive Vice President ("EVP") from December 2011 to June 30, 2015. Schiller was also a member of Valeant's Board of Directors from September 2012 until June 2016. (*Id.* ¶ 23.)

[5] Rosiello served as Valeant's CFO and as an EVP beginning in July 2015 until he stepped down on December 31, 2016. (*Id.* ¶ 24.)

[6] Jorn was a Valeant EVP and Company Group Chairman from August 2013 until March 2, 2016. (*Id.* ¶ 25.)

[7] Kellen served as an EVP and Company Group Chairman from January 2014 until December 31, 2016. (*Id.* ¶ 26.)

[8] Carro served as Valeant's Corporate Controller. (*Id.* ¶ 27.)

2

[up] the Company's revenue." (*Id.* ¶ 4.) According to Plaintiffs, Defendants made misstatements or omissions of material fact that caused the prices of Valeant securities to be artificially inflated with investors ultimately suffering large losses when the previously concealed facts were revealed. (*Id.* ¶ 10.) The relevant period for the purchases at issue is January 4, 2013 through August 10, 2016 (the "Relevant Period"). (*Id.*)

Plaintiffs claim that "[i]n deciding whether to purchase, sell, or hold Valeant securities, Senzar investment personnel read and relied on, among other things, [Valeant's public filings and] statements within those documents regarding Valeant's acquisitions, earnings, and 'organic growth' . . . [and] statements regarding revenue from drugs acquired through the Company's acquisition of Salix, in particular Xifaxan." (*Id.* ¶ 282.) Plaintiffs seek damages in connection with their transactions in Valeant securities during the Relevant Period. (*Id.* ¶ 350.)

On these facts, Plaintiffs allege: (1) all Defendants violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and SEC Rule 10b-5 ("Section 10(b)"); (2) Valeant, Pearson, and Schiller violated Section 18(a) of the Exchange Act, 15 U.S.C. § 78r ("Section 18"); and, (3) Valeant, Pearson, Schiller, and Rosiello violated Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). (Compl. ¶¶ 346-64.)

Defendants move to dismiss all Section 10(b) claims based on transactions that occurred after August 10, 2016. (Valeant Defs.' Moving Br. 10, ECF No. 21-1.) Plaintiffs respond that they are only seeking damages for transactions that occurred through August 10, 2016. (Pls.' Opp'n Br. 23, ECF No. 34.) Valeant, Pearson, and Schiller each move to dismiss the Section 18(a) claims arguing that they are time-barred and do not sufficiently plead reliance. Plaintiffs respond that the Sarbanes Oxley Act of 2002 ("SOX") applies to and increases the limitations period of

3

Section 18 and, therefore, the claims are timely, and that their complaint properly alleges reliance on specific false statements Valeant made in its public filings.

## II. Legal Standard

District courts must consider a Rule 12(b)(6) motion under a three-part analysis. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, it must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff, while setting aside conclusory allegations proffered in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Third, the court must then determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

## III. Discussion

### A. Section 10(b) Claims

Defendants argue that the Court should dismiss any Section 10(b) claims based on purchases that occurred after August 2016. (Valeant Defs.' Moving Br. 10-11.) Plaintiffs, however, clarified in response that the Complaint only seeks relief for purchases made during the Relevant Period, which ended in August 2016. (Pls.' Opp'n Br. 23.) The Court agrees that a reasonable reading of the Complaint, as well as Plaintiffs' statement about the time period at issue, establishes that the transactions upon which the Section 10(b) claims are based do not extend beyond August 10, 2016. The Court, therefore, need not address this argument and denies Defendants' motions to dismiss Count I.

B.  **Section 18 Claims**

1. Timeliness

Under Section 18, a claim must be filed within one year after the discovery of the facts constituting the cause of action and within three years after the cause of action accrues. 15 U.S.C. § 78r(c). In 2002, Congress enacted SOX, which provides a two-year statute of limitations and five-year statute of repose for private rights of action involving claims of "fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws . . . of the Securities Exchange Act of 1934." 28 U.S.C. § 1658(b).

The *Senzar* Plaintiffs filed their Complaint on February 16, 2018, for purchases of Valeant securities that occurred during the Relevant Period. (Compl. 1.) Valeant, Pearson, and Schiller argue that under Section 18, Plaintiffs had one year after the date that the alleged fraud was revealed, that is, until August 10, 2017, to file the instant action. (Valeant Defs.' Moving Br. 4, 11; Compl. 1, ¶ 10.) Plaintiffs respond that SOX extends the time to file a Section 18 claim to within two years of the discovery of a Section 18(a) violation. (Pls.' Opp'n Br. 2, ECF No. 34.)

In *Lord Abbett Investment Trust-Lord Abbett Short Duration Income Fund v. Valeant Pharmaceuticals International, Inc.*, Civ. No. 17-6365, 2018 WL 3637514 (D.N.J. July 31, 2018) ("*Lord Abbett*"),[9] this Court considered similar arguments on the limitations period for the *Lord Abbett* Plaintiffs' Section 18 claims against almost all of the same Defendants in the present action.[10] In its Memorandum Opinion, the Court adopted the Second Circuit's ruling in *Dekalb*

---

[9] The *Lord Abbett* decision also resolved the pending motions in *The Boeing Company Employee Retirement Plans Master Trust and The Boeing Company Employee Savings Plans Master Trust v. Valeant Pharmaceuticals International, Inc.*, Civ. No. 17-7636 and *Public Employees' Retirement System of Mississippi v. Valeant Pharmaceuticals International, Inc.*, Civ. No. 17-7625.

[10] Plaintiffs in *Lord Abbett* did not bring claims against Jorn or Kellen.

5

County Pension Fund v. Transocean Ltd., 817 F.3d 393, 407 (2d Cir. 2016), and found that SOX's expanded limitations provision applies to Section 18 claims. *Lord Abbett*, 2018 WL 3637514, at *8.

The Court reaches the same conclusion here. Accepting the facts alleged as true for purposes of this motion, the parties acknowledge that based on Plaintiffs' Complaint, the alleged date that the "truth" was known to Plaintiffs, at least in part, was August 10, 2016. (Compl. 1, ¶ 10; Valeant Defs.' Moving Br. 4, ECF No. 21, Schiller's Moving Br. 2, ECF No. 22.) Assuming all Section 18 claims accrued on or before August 10, 2016, the claims are timely under the SOX extended limitations period because they were filed on February 16, 2018. Defendants' motions to dismiss the Section 18 claims as time-barred are, accordingly, denied.

2. <u>Sufficiency of Reliance Allegations</u>

Finally, Defendants argue that Plaintiffs' Section 18 claims should be dismissed because the Complaint fails to plead actual reliance on false statements made by Valeant in its public filings. (Valeant Defs.' Mov. Br. 7-8.)

Section 18 creates a private cause of action for investors to recover damages suffered "in reliance upon" false or misleading material facts made by companies in certain public filings. 15 U.S.C. § 78r(a). To satisfy the "in reliance upon" component, the Third Circuit has explained that a complaint must "plead actual reliance on specific statements contained in the SEC filings at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 283-84 (3d Cir. 2006) ("Section 18 plainly refers to reliance upon any materially false 'statement.'") (quoting 15 U.S.C. § 78r(a)).

Defendants argue that, to the extent Plaintiffs' Section 18 claims are premised on Forms 8-K, the claims fail as a matter of law because 8-Ks are not "filed" with the SEC. (Valeant Defs.' Moving Br. 8-9.) Defendants further argue that allegations in the claims premised on 10-Ks and

10-Qs, which are both filed with the SEC, are conclusory and do not meet Section 18's heightened pleading requirement. (*Id.* at 9-10; Schiller's Moving Br. 2.)

Plaintiffs do not directly address the issue of whether 8-Ks are filed with the SEC, but concede that the "SEC rules appear to preclude Section 18 claims based on" documents such as "statements included in earnings press releases that were attached as exhibits to SEC Form 8-Ks." (Pls.' Opp'n Br. 21 n.12.) Plaintiffs argue, however, that the allegations of reliance in these documents are relevant to the Section 10(b) claims. As to the Forms 10-K and 10-Q claims, Plaintiffs argue that the Complaint identifies several allegedly false or misleading statements in these forms that are sufficient to meet the heightened pleading standard. (*See, e.g.*, ¶¶ 5-7, 101-06, 114, 133-34.)

The Court finds that the allegations regarding the 10-Ks and 10-Qs are sufficiently pled. Plaintiffs identified the allegedly false statements that Valeant made in its Forms 10-K and 10-Q, statements that touted the company's "organic" growth and omitted the alleged fraudulent scheme regarding Valeant-controlled pharmacies, to transact in Valeant securities. (*Id.* ¶¶ 282-83.) Further, Plaintiffs pled eyeball reliance on these statements. (*Id.*) As to whether statements in an 8-K can provide the basis for a Section 18 claim, Defendants did not cite any binding or persuasive precedent that clearly supports their argument that the claim fails as a matter of law. The Court, therefore, finds that Defendants failed to carry their burden to establish that Plaintiffs have not stated a claim on these allegations. The Court, accordingly, will address this issue at a later stage of the proceeding on a full record.

## IV. Conclusion

For the reasons set forth above, Defendants' Partial Motions to Dismiss are **DENIED**. An Order consistent with this Memorandum Opinion will be entered.

                                                                      s/ Michael A. Shipp  
                                                                       **MICHAEL A. SHIPP**  
                                                                       **UNITED STATES DISTRICT JUDGE**

Dated: September 14, 2018